Steven J. KOMIE, Plaintiff–Appellant,

v.

James C. SAXTON;  Kirk Scherer; Melody J. Sullivan, Defendants– Appellees.

No. 07–15764.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2008.

Filed May 12, 2008.

G. Mark Albright, Albright Stoddard Warnick & Palmer, Las Vegas, NV, Brian Phillip Murray, Rabin & Peckel, LLP, New York, CA, for Plaintiff–Appellant.

Thomas D. Beatty, Law Offices of Thomas D. Beatty, Las Vegas, NV, David M. Furbush, O'Melveny & Myers LLP, Menlo Park, CA, Christopher H. McGrath, Paul Hastings Janofsky & Walker, LLP, San Diego, CA, Daniel J. Shonkwiler, Morgan Lewis & Bockius, LLP, San Francisco, CA, Daniel J. Shonkwiler, Brobeck, Phleger & Harrison Two Embarcadeero Place, Palo Alto, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, WALLACE and N.R. SMITH, Circuit Judges.

**MEMORANDUM** *

1. As to the alleged misrepresentations regarding the Taylor Ranch property, the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

two loans and the loans' interest payments, plaintiff hasn't alleged that these misrepresentations caused him an economic loss. Plaintiff does claim that he paid an "artificially inflated" price for stock, but an inflated purchase price, without more, isn't sufficient to plead loss causation. *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005). And although plaintiff alleges that the stock price fell when the company revealed its "true financial condition," he does not further allege that this poor financial condition was caused by the loans and interest payments. This complaint isn't like the complaint in *In re Daou Systems, Inc.,* 411 F.3d 1006, 1025–27 (9th Cir.2005), which alleged that defendant's parlous financial state was "the direct result" of the accounting practices concealed by defendant's misrepresentations. *Id.* at 1027. Therefore, though plaintiff claims he "suffered damages in excess of $1.4 million," his complaint "nowhere ... provides the defendants with notice of what ... the causal connection might be between that loss and the misrepresentation[s]." *Dura,* 544 U.S. at 347, 125 S.Ct. 1627.

2. As to the misrepresentations of the TCPs' value, we held that plaintiffs' first complaint failed to "meet the heightened PSLRA pleading requirement for scienter." *In re Saxton, Inc. Sec. Litig.,* 156 Fed.Appx. 917, 920 (9th Cir.2005). The amended complaint does not allege any new facts relevant to defendants' scienter in overstating the TCPs' value, so we are bound by our previous ruling. *See Leslie*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Salt Co. v. United States,* 55 F.3d 1388, 1392 (9th Cir.1995).

**AFFIRMED.**